FILED IN MY OFFICE
DISTRICT COURT CLERK
3/19/2018 10:14 AM
James A. Noel
Destiny Juarez

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL COURT

BOB CRABTREE AND ANNETTE CRABTREE
    PLAINTIFFS,

V.                                   CASE NO.   D-202-CV-2018-02234

WELLS FARGO BANK, N.A., AS TRUSTEE FOR
THE POOLING AND SERVICING AGREEMENT
DATED AS OF OCTOBER 1, 2004, MERRILL LYNCH
MORTGAGE INVESTORS TRUST MORTGAGE LOAN
ASSET-BACKED CERTIFICATES, SERIES 2004-WMC5;
ALTISOURCE A/K/A ALTISOURCE SINGLE FAMILY, INC.,
PROPERTY PRESERVATION SERVICING, LLC,
JOHN DOE I, JOHN DOE II, JOHN DOE III, AND JOHN DOE IV,
    DEFENDANTS.

### COMPLAINT TO RECOVER THEFT OF PERSONAL PROPERTY, DAMAGES FOR INTENTIONAL AND RECKLESS TRESPASS, DAMAGE TO REAL PROPERTY, VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, DECLARATORY JUDGMENT, VIOLATION OF UNFAIR PRACTICE ACT, DEFAMATION AND SLANDER OF TITLE, <u>AND PUNITIVE DAMAGES</u>

Plaintiffs, Bob and Annette Crabtree (herein "Plaintiffs"), through their attorney of record, Louis Puccini, Esq., of Robert D. Gorman, P.A., hereby submits this Complaint to Recover Theft of Personal Property, Damages for Intentional and Reckless Trespass, Theft, Damage to Real Property, Violation of Fair Debt Collection Practices Act, Violation of Unfair Practice Act, and Punitive Damages against Wells Fargo Bank, N.A., as Trustee for the Pooling and Servicing Agreement Dated as of October 1, 2004, Merrill Lynch Mortgage Investors Trust Mortgage Loan Asset-Backed Certificates Series 2004-W-MC5 (herein "Wells Fargo"); Altisource Single Family, Inc. a/k/a Altisource (herein "Altisource"); Property reservation Services, LLC (herein "PPS") John Doe I, John Doe II, John Doe III, and John Doe IV (herein jointly "John Doe"), and alleges as follows:

Exhibit A

## JURISDICTION AND VENUE

1. Plaintiffs are New Mexico residents with their principal residence in the City of Albuquerque, County of Bernalillo, State of New Mexico.

2. The real estate and property which is the subject matter of this Complaint, owned by the Plaintiffs, is located within Bernalillo County, State of New Mexico, and has an address of 39 Buckboard Road, Tijeras, New Mexico 87059.

3. Defendants, Wells Fargo, Altisource, and PPS do business in New Mexico; and Altisource and PPS, are both registered with the State of New Mexico, Secretary of State, Corporation Division to do business within the State of New Mexico and maintain registered agents within the State of New Mexico.

4. Upon information and belief Defendants John Doe are employees, agents OR persons acting on behalf of Altisource, PPS and/or Wells Fargo in Bernalillo County, State of New Mexico, and are residents of the State of New Mexico.

5. All events which form the basis of the Complaint occurred within Bernalillo County, State of New Mexico.

6. Jurisdiction in this Court is proper for Plaintiffs' claims pursuant to § 61-18A-1, §38-3-1 (NMSA 1978 Comp.), and 15 USC § 1692 *et seq*.

7. Venue is proper pursuant § 38-3-1 (NMSA 1978 Comp.).

## GENERAL ALLEGATIONS

8. Plaintiffs own approximately twelve (12) acres in the Manzano Mountains, Bernalillo County, State of New Mexico, on which they have structures and improvements including a well-maintained vacation cabin and storage shed. The Plaintiffs have owned this property for over thirty (30) years. The address of the property is 39 Buckboard Road, Tijeras, New Mexico 87059 (herein "Crabtree Property").

9. Wells Fargo, a nationwide bank, is a National Association and does business within the State of New Mexico.

10. Altisource is a foreign corporation, incorporated in Delaware, and is registered in New Mexico and does business within the State of New Mexico.

11. Property Preservation Servicing, LLC (herein "PPS") does business in New Mexico (see Exhibit D) and is the agent of Altisource, has employees, John Doe I through IV.

12. Upon information and belief, Defendants John Doe I through IV are individuals employed by either Wells Fargo, Altisource and/or PPS, and their actions complained of herein occurred in Bernalillo County, New Mexico

13. Wells Fargo, as Trustee, was the mortgagee of a certain parcel of real estate located on two (2) acres on which there was a residential house, at 37 Buckboard Road, Tijeras, New Mexico 87059 (herein "Foreclosed Property").

14. The owners of the property at 37 Buckboard Road, the Willhites, vacated and abandoned the Foreclosed Property about six (6) years ago, filed bankruptcy, and it has not been occupied since abandonment.

15. The structure, in an isolated rural area, is falling down, windows broken, in deteriorating condition, has a dry well, inhabited by rodents, is uninhabitable, and is a fire hazard.

16. On or about May 1, 2017 Wells Fargo filed a foreclosure Complaint in Bernalillo County District Court, Cause No. D-202-CV-2017-03056.

17. Wells Fargo recorded a Lis Pendens with the Bernalillo County Clerk on June 2, 2017 claiming an interest in the Foreclosed Property.

18. On October 17, 2017, the Court with the consent of the owners, entered a stipulated foreclosure judgment in favor of Wells Fargo.

19. On December 7, 2017 a Special Master's sale occurred at which Wells Fargo purchased the property at 37 Buckboard Road for a $50,000 credit bid. Upon information and belief, the Special Master sent the Special Master's Report and deed to counsel for Wells Fargo. As of the filing of this Complaint the Court has not approved the December 7, 2017 Special Master's Sale, and a deed has not been recorded.

20. Wells Fargo should be deemed the actual owner of the property at 37 Buckboard Road, Tijeras, New Mexico, the Foreclosed Property.

21. The Plaintiffs' property, including improvements, adjoins the Foreclosed Property, and has an address of 39 Buckboard Road, Tijeras, New Mexico (herein the "Crabtree Property"). The Crabtrees' cabin and storage shed and other improvements are located about one-hundred (100) yards from the Foreclosed Property. There is a separate Plat recorded with the Bernalillo County Clerk identifying both the Foreclosed Property and the Crabtree Property.

22. The Foreclosed Property and the Crabtree Property are separately assessed and taxed by the Bernalillo County Assessor and Treasurer, each with its separate address.

23. Upon information and belief after the foreclosure sale Wells Fargo employed Altisource Single Family, Inc. (herein "Altisource") and/or PPS as its agents to secure and preserve the Foreclosed Property.

24. On January 12, 2018 Altisource through its employees or agents John Does I through IV, without any notice to the Plaintiffs, trespassed and forcibly broke into the Crabtree Property, breaking locks and forcibly opening locked doors, stealing personal property of the Crabtrees' and damaging the structures. Altisource posted signs in the windows of the Crabtree Property including what it labeled as New Mexico Notice of Right to Reclaim Abandoned Personal Property (*see* Exhibit A). Altisource also posted a Notice "Altisource – This Property is Under

the Supervision of Altisource" (*see* Exhibit B); Personal Property Inventory List of some of the personal property stolen by Altisource (*see* Exhibit C).

25. On January 13, 2018 Altisource and/or PPS and/or their employees John Does I through IV again trespassed on the Crabtree Property, breaking into the cabin and pouring contaminates (an anti-freeze solution), into the plumbing and onto the real estate. PPS posted a Winterization Notice on the Crabtree Property (*see* Exhibit D), admitting its actions.

26. On February 17, 2018 the Plaintiffs first discovered the Defendants burglary and trespass.

27. On February 17, 2018 the Crabtrees' filed a formal report of the burglary and theft with the Bernalillo County Sheriff's Department.

28. On February 17, 2018 the Crabtrees contacted Altisource and demanded immediate return of their personal property and that Altisource pay for all damages.

29. On February 17, 2018 Altisource represented it would complete its investigation and reply within twenty-four to forty-eight hours. To date, Altisource has failed and refused to respond.

30. On February 21, 2018 the Crabtrees' counsel sent a demand letter to Altisource, Wells Fargo, and later to PPS, again demanding return of all personal property and for damages to the Crabtree Property.

31. Altisource, by its agent Robert E. Buckley, responded on February 26, 2018 that Altisource would need seven to ten days to review the records, and requested that all further communication be directed to him at Altisource.

32. No response has ever been received from Wells Fargo.

33. Other than some emails, no other response was received from Altisource.

34. No response has ever been received from PPS.

35.     Wells Fargo, Altisource, and PPS have failed and refused to return any of the Crabtrees' personal property, failed to repair damages, and have refused to even offer to repair damages.

36.     The actions of Wells Fargo, Altisource, and PPS were willful and intentional and/or conducted in a careless and reckless manner in total disregard of the rights and property interests of the Plaintiffs, interfering with Plaintiffs' peaceful use and enjoyment of their property. Plaintiffs are entitled to punitive damages of $1,000,000 plus all actual damages.

## I.     FIRST CAUSE OF ACTION
## TRESPASS AND DAMAGE TO REAL PROPERTY

37.     Plaintiffs adopt all allegations in paragraphs 1 through 36 the same as if contained herein.

38.     Wells Fargo is responsible for the actions of its agents, Altisource, PPS, and John Does I through IV.

39.     Defendants, and each of them, trespassed on the Crabtree Property causing actual damage to the improvements and real estate.

WHEREFORE, Plaintiffs move the Court to enter judgment against all Defendants, jointly and severally, for actual and punitive damages, and other just relief.

## II.     SECOND CAUSE OF ACTION
## THEFT OF PERSONAL PROPERTY

40.     Plaintiffs adopt all allegations in paragraphs 1 through 39 the same as if contained herein.

41.     Defendants and/or their agents on January 12, 2018 misappropriated the Crabtrees' personal property leaving an Inventory of some of property (*see* Exhibit C) that was illegally taken. The Inventory fails to list all personal property that was taken.

42. Despite repeated demands, the defendants have refused to return any of the personal property removed by them from the Crabtree Property.

43. Separately, since February, 2018, despite notice to all Defendants that the Defendants had no right, title, or interest in the Crabtrees' personal property, they jointly and severally have refused to return any of the Crabtrees' personal property.

44. Defendants, despite requests, have refused to provide the address and person who has possession of the personal property, and its location is unknown to Plaintiffs. This claim is ongoing.

WHEREFORE, Plaintiffs move the Court for a judgment against all Defendants, jointly and severally, to immediately return all of the Crabtrees' personal property, for all actual damages, to be determined, punitive damages, and other just relief.

### III.     THIRD CAUSE OF ACTION
### PRIMA FACIE TORT

45. Plaintiffs adopt all allegations in paragraphs 1 through 44 the same as if contained herein.

46. Defendants' intentional actions injured the Plaintiffs, and there was a complete absence of justification for Defendants' actions. All constitute a Prima Facie Tort pursuant to New Mexico law.

WHEREFORE, Plaintiffs move the Court to enter judgment against all Defendants, jointly and severally, for actual and punitive damages, and other just relief.

### IV.     FOURTH CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

47. Plaintiffs adopt all allegations in paragraphs 1 through 46 the same as if contained herein.

48.     Defendants, Wells Fargo and Altisource are debt collectors as defined by the Fair Debt Collection Practices Act, 15 USC § 1692 *et seq.* (herein "FDCPA").

49.     Plaintiffs are entitled to actual and punitive damages and an award of attorney's fees and costs pursuant to FDCPA.

50.     Wells Fargo, as principal, is liable for the wrongful and illegal acts of its agents, including Altisource.

WHEREFORE, Plaintiffs pray entry of judgment against Wells Fargo, Altisource, and John Doe Defendants I through IV, jointly and severally, for actual and punitive damages and an award of attorney's fees and costs, and other just relief.

## V.    FIFTH CAUSE OF ACTION
## VIOLATION OF THE NEW MEXICO UNFAIR PRACTICES ACT

51.     Plaintiffs adopt all allegations in paragraphs 1 through 50 the same as if contained herein.

52.     There was in force in this State, at all times material to this case, a State Statute commonly known as the Unfair Practices Act, NMSA 1978, § 57-12-1 *et seq.*, including but not limited to § 57-12-2 (NMSA 1978 Comp.).

   A.    "unfair or deceptive trade practice" means an act specifically declared unlawful pursuant to the Unfair Practices Act [57-12-1 NMSA 1978], a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of the person's trade or commerce, that may, tends to or does deceive or mislead any person and includes:

   B.    "unconscionable trade practice" means an act or practice in connection with the sale, rental or loan or in connection with the offering for sale, rental or loan, of any goods or

services, including services provided by licensed professionals, or in the extension of credit or in the collection of debts that to a person's detriment:

Plaintiffs have incurred damages and attorney's fees as a result of Defendants' violation of the Unfair Practices Act.

WHEREFORE, Plaintiffs pray the Court enter a judgment against all Defendants, jointly and severally, for violation of the New Mexico Unfair Trade Practices Act for three (3) times the Plaintiff's actual damages pursuant to § 52-12-10(B) NMSA (1978), including actual damages, for punitive damages, costs, attorney's fees, and other just relief.

### VI.     SIXTH CAUSE OF ACTION
### DEFAMATION AND SLANDER OF TITLE

53.     Plaintiffs adopt all allegations in paragraphs 1 through 52 the same as if contained herein.

54.     Defendants' actions were false and malicious written statements including those posted on the Crabtree Property in disparagement of Plaintiffs' title to their real and personal property resulting in damage.

55.     Defendants' actions constitute a slander of title and interference with Plaintiffs' peaceable and quiet enjoyment of Plaintiffs' real estate and other property.

WHEREFORE, Plaintiffs pray the Court enter judgment against all Defendants, jointly and severally, for damages in an amount to be determined, and other just relief.

### VII.    SEVENTH CAUSE OF ACTION
### CONTAMINATION OF REAL ESTATE

56.     Plaintiffs adopt all allegations in paragraphs 1 through 55 the same as if contained herein.

57.     PPS admitted contaminating the Crabtree Property with antifreeze (a known pollutant) on January 13, 2018 (*see* Exhibit D).  The antifreeze drained into the ground.

58. PPS was employed by Altisource and Altisource was employed by Wells Fargo.

59. Wells Fargo and Altisource, as principals, are liable for the wrongful acts of their agent, PPS, and its employees, John Does I through IV.

WHEREFORE, Plaintiffs pray judgment against all Defendants, jointly and severally, for actual damages, the remediation expense, punitive damages, and other just relief.

## VIII.   EIGHTH CAUSE OF ACTION
### BREACH OF CONTRACT DAMAGES OR TO TERMINATE EASEMENT AGAINST WELLS FARGO

60. Plaintiffs adopt all allegations in paragraphs 1 through 59 the same as if contained herein.

61. The previous owners (Willhite) entered into a Road Maintenance Declaration dated July 17, 1991, which was recorded with the Bernalillo County Clerk on July 25, 1991 at Book 91-13, page 677, which in summary, required the owner of 37 Buckboard Road to maintain the road at its expense.

62. The access easement roadway is on the Crabtree Property, which Plaintiffs own in fee simple.

63. The easement and Road Maintenance Declaration states that it shall "run with the property" and all subsequent owners are subject thereto. The Road Maintenance Declaration states it was entered into "on behalf of themselves (the Willhites), their heirs, successors and/or assigns" and that "all costs of maintenance shall be borne by the Declarants (Willhites), their heirs, successors and/or assigns in interest."

64. The Road Maintenance Declaration was recorded prior to the mortgage assignment to Wells Fargo on January 25, 2013. Wells Fargo knew or should have known about the Road Maintenance Declaration.

65.     The prior owners, the Willhites, have failed to maintain the road or make use of for over six (6) years since they abandoned the Foreclosed Property. The easement has been abandoned for non-use.

66.     Wells Fargo was provided notice and a demand to comply with the Road Maintenance Declaration and has failed to do so.

67.     Wells Fargo has defaulted in its obligations under the Road Maintenance Declaration.

68.     Plaintiffs are entitled to judgment to enforce the Road Maintenance Declaration against Wells Fargo and for expenses of maintenance.

69.     In the alternative, the Court should enter a declaratory judgment pursuant to Rule 1-057 (NMRA 2017) terminating the easement and Road Maintenance Declaration, declaring the roadway easement is null and void and of no effect.

WHEREFORE, Plaintiffs further pray the Court to enter a declaratory judgment against Wells Fargo either:

    A.     Compelling Wells Fargo to pay for all road maintenance expenses, plus attorney's fees and costs;

    B.     Breach of Contract damages, including attorney's fees and costs;

    C.     In the alternative, to declare the easement abandoned and terminated;

    D.     In the alternative, to nullify and terminate the easement and Road Maintenance Declaration due to the owners' default under the Road Maintenance Declaration; and

    E.     For other just relief.

## IX.  NINTH CAUSE OF ACTION
### NEGLIGENCE

70. Plaintiffs adopt all allegations in paragraphs 1 through 69 the same as if contained herein.

71. Defendants' actions were negligent, intentional, and reckless.

72. Plaintiffs have suffered emotional distress and anxiety, and loss of use of their real and personal property.

WHEREFORE, Plaintiffs pray judgment against all Defendants, jointly and severally, and other just relief.

Respectfully Submitted,

**ROBERT D. GORMAN, P.A.**
By:  */s/ Louis Puccini, Jr.*
P.O. Box 25164
Albuquerque, NM  87125-0164
T. 505.243.5442 / F. 505.247.5319
E. louis@rdgormanlaw.com

Altisource

## NEW MEXICO NOTICE OF RIGHT TO RECLAIM
## ABANDONED PERSONAL PROPERTY

DATE NOTICE POSTED AT PROPERTY **1-12-18**

EXPIRATION DATE OF NOTICE **2-12-18**

To:

**37 BUCKBOARD RD**

(Name of former Occupant)

Address:

**37 BUCKBOARD RD**

(Address of former Occupant)

We have reason to believe that the property has been abandoned at:

**37 BUCKBOARD RD**

(Address of premises, including room or apartment number, if any)

The personal property remaining is now considered abandoned. Unless you notify us no later than **thirty (30) days** after the date of this notice that the personal property has not been abandoned and of your intent to claim it, and unless you pay the reasonable costs of storage, if any, we will dispose of this personal property in accordance with state law.

You may claim this property by calling:

**1-866-952-6514**

(Phone Number to claim property)

**PROPERTY PRESERVATION SERVICE**

(Address where property may be claimed)

This notice is posted at the property and sent via first class mail.

Altisource is a service provider for the new owner of this property.

For further guidance, contact Altisource – Property Preservation & Inspection at 866-952-6514

1000 Abernathy Road, Building 400, Suite 200 | Atlanta, GA 30325

**EXHIBIT A**



# Altisource

YOUR ONE SOURCE

This property is under the supervision of Altisource™.

# Phone: 866-952-6514

Option 1- To report access issues/ Incorrect Code
Option 2- To get information on a property in REO

If there is a need to access this property or report a problem, you must contact the Authorized representative of Altisource™ listed below.

UTILITY COMPANY REPRESENTATIVES are hereby allowed access for utility activation

Vendor Name: _____ FPS llc _____

Contact Phone Number: _____ 949-612-0342 _____

Property ID/Address: _____ 37 BUCKBOARD ROAD UNIT A  Tijeras, NM _____

DATE: _____ 1/12/18 _____


EXHIBIT B

It is illegal to discriminate against any person because of race, color, religion, sex, handicap, familial status, or national origin.

EQUAL HOUSING OPPORTUNITY

# Altisource
YOUR ONE SOURCE

## Personal Property Inventory List

Date: 1/03/18
Property ID:
Property Address: 37 BUCKBOARD ROAD UNIT A Tijeras, NM

| Sl.No. | Quantity | Personal Property Description | Salvation Army Garage Sale Value |
|---|---|---|---|
| | 1 | Flat screen 32" TV | N/A |
| | * | Kitchenware - pots, pans, glasses, dishes, silverware, cooking utensils, storage bags, H₂O containers | |
| | 1 | Futon Bed Frame & Mattress | |
| | 1 | Double sized Bed | |
| | * | BEDDING ; BLANKETS, SHEETS | |
| | 1 | 2 DOOR UPRIGHT CABINET (metal) | |
| | 1 | microwave | Toaster Oven Not on List! |
| | 1 | REFRIGERATOR | |
| | 1 | Sump pump | |
| | * | Clothing | |
| | * | general hand tools | |
| | * | wall decorations ; pictures ; curtains | |
| | * | 2 BAR STOOLS | |
| | * | Floor Heater & SPACE HEATER | ↓ |

For further guidance, contact Altisource - Property Preservation & Inspection at 866-952-6514.

Altisource is a service provider for the new owner of this property.

Thinking Ahead. Delivering Today.®

P.O. Box 105460 | Atlanta, Georgia 30348-5460

**EXHIBIT C**



**Altisource**
YOUR ONE SOURCE

## Personal Property Inventory List

Date:
Property ID:
Property Address: 37 BUCKBOARD ROAD UNIT A Tijeras, NM

| SLNo. | Quantity | Personal Property Description | Salvation Army Garage Sale Value |
|---|---|---|---|
|  | * | Kitchen Butcher Block Table | N/A |
|  | ΙΙΙΙ ΙΙ | CHAIRS |  |
|  | * | BENCH |  |
|  | * | TOILETRIES |  |
|  | * | THROW CARPETS / RUGS |  |
|  | * | SHELVING |  |
|  | * | KNICK KNACKS |  |
|  | 2 | FIRE EXTINGUISHER |  |
|  | 1 | VACUUM |  |
|  | 1 | 2 BURNER PORTABLE |  |
|  | * | BROOMS, MOPS |  |
|  | 2 | TRASH CANS |  |
|  | * | OUTDOOR GAMES |  |
|  | 2 | GRILLS |  |
|  | * | PERSONAL PHOTOS / PHOTO ALBUMS | ↓ |
|  |  |  |  |

For further guidance, contact Altisource - Property Preservation & Inspection at 866-952-6514.

Altisource is a service provider for the new owner of this property.

Thinking Ahead. Delivering Today.®

P.O. Box 105460 | Atlanta, Georgia  30348-5460

# WINTERIZATION NOTICE

Email: pps@propertypreservationservicing.com   Contact (949) 612-0342 Office

## Property Preservation Servicing LLC

PROPERTY ADDRESS: _37 Buckboard Rd Tijeras, NM_

THIS PROPERTY HAS BEEN WINTERIZED THEREBY RENDERING ALL PLUMBING SYSTEMS IN AN INOPERABLE CONDITION.

WATER IS SHUT OFF, HOLDING TANKS AND PIPING HAVE BEEN DRAINED AND ALL TRAPS HAVE BEEN TREATED WITH A MINUS 50 DE-GREE ANTIFREEZE SOLUTION.

DO NOT USE THESE FACILITIES UNTIL WATER IS RESTORED.

EFFECTIVE THIS DATE: _1/13/2018_

PRIOR TO USING PLUMBING SYSTEMS, THOROUGHLY FLUSH ALL

FAUCETS, SINKS, WATER CLOSETS AND APPLIANCES HAVING WATER

PIPED INTO THEM.

_____IF BOX ON THE LEFT IS CHECKED FREEZE DAMAGE IS PRESENT, AND THERE IS A REPORT ON FILE

AVAILABLE TO OUR CLIENTS UPON REQUEST.

REVISED 11/2012

EXHIBIT D

**CAUTION!**

THIS HOUSE HAS BEEN **WINTERIZED**
WITH ANTI-FREEZE IN ALL DRAINS
AND TOILET BOWLS.
*PLEASE RUN WATER THROUGH
THE DRAINS BEFORE USING.*

DATE: 1/13/2018

**CAUTION!**

THIS HOUSE HAS BEEN **WINTERIZED**
WITH ANTI-FREEZE IN ALL DRAINS
AND TOILET BOWLS.
*PLEASE RUN WATER THROUGH
THE DRAINS BEFORE USING.*

DATE: 1/13/2018



ELECTRICAL BOX

**CAUTION!**

THIS HOUSE HAS BEEN **WINTERIZED**
WITH ANTI-FREEZE IN ALL DRAINS
AND TOILET BOWLS.
*PLEASE RUN WATER THROUGH
THE DRAINS BEFORE USING.*

DATE: 1/13/2018



KITCHEN SINK

**CAUTION!**

THIS HOUSE HAS BEEN **WINTERIZED**
WITH ANTI-FREEZE IN ALL DRAINS
AND TOILET BOWLS.
*PLEASE RUN WATER THROUGH
THE DRAINS BEFORE USING.*

DATE: 1/13/2018