IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOB CRABTREE and ANNETTE CRABTREE,

    Plaintiffs,

v.                                                                                                Case No. 18-cv-0377

WELLS FARGO BANK, N.A., AS TRUSTEE FOR
THE POOLING AND SERVICING AGREEMENT
DATED AS OF OCTOBER 1, 2004, MERRILL LYNCH
MORTGAGE INVESTORS TRUST MORTGAGE LOAN
ASSET-BACKED CERTIFICATES, SERIES 2004-WMC5;
ALTISOURCE A/K/A ALTISOURCE SINGLE FAMILY, INC.,
PROPERTY PRESERVATION SERVICING LLC,
JOHN DOE I, JOHN DOE II, JOHN DOE III, and JOHN DOE IV,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On June 12, 2018, Plaintiffs Bob and Annette Crabtree filed Plaintiffs' Motion to File First Amended Complaint (Motion) (Doc. 33). Defendants Altisource Solutions Inc. (Altisource) and Property Preservation Servicing, LLC (PPS) filed their response on June 25, 2018. *See* Response (Doc. 41).[1] Defendant Wells Fargo Bank, N.A. did not file a response and the time to respond has passed. For the reasons stated below, the Court will grant Plaintiffs' Motion.

### I. PROCEDURAL HISTORY

On March 19, 2018, Plaintiffs Bob and Annette Crabtree (Plaintiffs) filed a Complaint in New Mexico state court asserting claims against Defendants Wells Fargo Bank, N.A., as Trustee for the Pooling and Servicing Agreement Dated as of October 1, 2004, Merrill Lynch Mortgage Investors Trust Mortgage Loan Asset-Backed Certificates Series 2004-WMC5 (Wells Fargo),

---

[1] *See* DEFENDANT PPS'S AND ALTISOURCE SOLUTIONS INC.'S RESPONSE TO PLAINTIFFS' MOTION TO AMEND COMPLAINT (Response) (Doc. 41).

1

Altisource Single Family, Inc. a/k/a Altisource (Altisource),[2] Property Preservation Servicing, LLC (PPS), John Doe I, John Doe II, John Doe III, and John Doe IV (John Doe Defendants) under Trespass and Damage to Real Property, Theft of Personal Property, Prima Facie Tort, Violation of the Fair Debt Collection Practices Act, Violation of the New Mexico Unfair Practices Act, Defamation and Slander of Title, Contamination of Real Estate, Breach of Contract Damages or to Terminate Easement against Wells Fargo, and Negligence. *See* Complaint, Exhibit A to Notice of Removal (Doc. 1-2). In the Complaint, Plaintiffs allege that the John Doe Defendants are New Mexico state residents, and are employees, agents or persons acting on behalf of one or all of the named Defendants. *See id.* ¶ 4.

On April 23, 2018, Defendant Altisource timely filed a Notice of Removal (Doc. 1), invoking this Court's jurisdiction under 28 U.S.C. § 1332 based on complete diversity of citizenship between Plaintiffs and named Defendants, and an amount in controversy exceeding $75,000.00. Defendants PPS and Wells Fargo consented to removal. *See* Notices of Consent to Removal (Docs. 7 & 10). Plaintiffs challenged the removal through a motion to remand, in part arguing that the named Defendants intentionally concealed the identities of the four John Doe Defendants who Plaintiffs believe are citizens of New Mexico, which would preclude diversity jurisdiction. *See* Mot. to Remand to Bernalillo County District Court (Doc. 14). In response, Defendants Altisource and PPS rejected the Plaintiffs' contention that the John Doe Defendants' identities were being concealed and reasserted under 28 U.S.C. § 1441(b)(1)[3] and Tenth Circuit case law that courts are to disregard the citizenship of defendants sued under fictitious names

---

[2] Defendant Altisource asserts that its proper name is Altisource Solutions, Inc. *See* Notice of Removal (Doc. 1) at ¶ 10.
[3] 28 U.S.C. § 1441(b)(1) provides that a court shall disregard the citizenship of defendants sued under fictitious names when determining whether a civil action is removable on the basis of diversity of citizenship.

when assessing diversity jurisdiction.[4] *See Austl. Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1235 (10th Cir. 2006) ("We join these other circuits in holding, consistent with the text of 28 U.S.C. § 1441(a) that the citizenship of 'John Doe' defendants should be disregarded when considering the propriety of removal under 28 U.S.C. §§ 1441(a) and 1332.").

On May 17, 2018, and before Plaintiffs filed their reply to the remand motion, Defendant PPS filed a third-party complaint for indemnification against Dwight Bossong (Bossong) and Sunlynn Preservation, LLC (Sunlynn), New Mexico residents with whom PPS claims it entered into a contract to perform preservation activities. *See* Third-Party Complaint (Doc. 19).[5] Now aware of the identity of these additional parties, Plaintiffs claimed in their reply regarding the motion to remand that they would seek to amend the Complaint to add Sunlynn and Bossong as non-diverse defendants and to omit the Fair Debt Collection Practices Act claim originally pleaded in the Complaint. *See* Reply to Mot. to Remand (Doc. 28).[6] As promised, on June 12, 2018, Plaintiffs filed a motion seeking leave from the Court to file an amended complaint. *See* Mot. (Doc. 33). Defendants PPS and Altisource do not oppose Plaintiffs' Motion. *See* Resp. at 1 (Doc. 41).

## II. LEGAL AUTHORITY

Federal Rule of Civil Procedure 15(a)(2) allows amendments only with leave of the opposing party or the Court, though the rule dictates that leave "shall be freely given when justice so requires." Under this rule, leave to amend should be granted "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the

---

[4] *See* DEFENDANT ALTISOURCE'S AND PPS'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND (Doc. 24).

[5] *See* DEFENDANT PROPERTY PRESERVATION SERVICING, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT AND THIRD-PARTY COMPLAINT AGAINST SUNLYNN PRESERVATION, LLC AND DWIGHT BOSSONG (Doc. 19).

[6] *See* PLAINTIFFS' REPLY TO ALTISOURCE'S AND PPS'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND (Doc. 28).

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Forman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, the only Defendants to respond to Plaintiffs' Motion, Altisource and PPS, do not oppose the proposed amendments. *See* Resp. at 1 (Doc. 41). However, this does not end the Court's inquiry because joining the two proposed additional non-diverse defendants would destroy this Court's subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) ("[I]f a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court."). Under these circumstances 28 U.S.C. § 1447(e), rather than Rule 15, applies. Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Section 1447(e) refers to joinder, but has been applied to circumstances such as those presented here where the complaint is amended to replace "John Doe" defendants with named defendants. *See McPhail*, 529 F.3d at 951. The Court must first determine whether the parties Plaintiffs seek to add are indispensable, and if so, Rule 19 requires the Court to join the parties and remand the case under Section 1447(e) or deny joinder and dismiss the case under Rule 19(b). *See id.* "If the defendant[s] [are] not indispensable, Rule 20(a)(2) permits joinder at the discretion of the district court." *Id.* at 951-52.

### III. PLAINTIFFS' MOTION TO AMEND

Plaintiffs seek to amend their Complaint in part to indicate that two of the John Doe Defendants are Sunlynn Preservation Servicing, Inc. and Dwight Bossong, New Mexico residents allegedly contracted by Defendant PPS to perform the preservation activities at issue in

4

this case. *See* Motion at 2 (Doc. 33). The addition of these defendants would destroy diversity jurisdiction and mandate remand to the state court. *See* 28 U.S.C. § 1332(a)(1). As a result, amendment lies within the discretion of the Court unless the additional defendants are indispensable parties under Rule 19.

### A. Indispensable Parties

Under Rule 19, the Court must first determine whether Sunlynn and Bossong are necessary parties by assessing: "(1) whether complete relief would be available to the parties already in the suit, (2) whether the absent party has an interest related to the suit which as a practical matter would be impaired, and (3) whether a party already in the suit would be subjected to a substantial risk of multiple or inconsistent obligations." *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996).

On the limited record before the Court, Sunlynn and Bossong may well be proper parties, but are not indispensable parties. "Indispensable parties are those without whom the action cannot proceed, and must be joined even if by such joinder the court loses jurisdiction over the controversy." *Milligan v. Anderson*, 522 F.2d 1202, 1204 (10th Cir. 1975). First, Tenth Circuit case law has held that non-diverse parties like Sunlynn and Bossong are not indispensable for purposes of complete relief where the principal was already included as a defendant. *See, e.g., Thunder Basin Coal Co. v. Sw. Pub. Serv. Co.*, 104 F.3d 1205, 1211 (10th Cir. 1997) (holding that a non-party agent whose conduct was challenged was not an indispensable party). There is no indication here that complete relief would be unavailable to existing parties if Sunlynn and Bossong were not joined as defendants in the primary litigation. To the extent that Defendant PPS might claim incomplete relief should Bossong and Sunlynn not be joined, Defendant PPS has already filed a Third-Party Complaint against Bossong and Sunlynn Preservation. *See* Third-

5

Party Complaint (Doc. 19). In the Third-Party complaint, Defendant PPS requests that Bossong and/or Sunlynn Preservation be required to defend and indemnify PPS against all claims asserted against PPS, and to indemnify PPS against any judgment that may be entered against it. *See id.* at 10-12. Bossong and Sunlynn's interests are unlikely to be impaired in their absence because Defendant PPS has incentive to adequately protect Bossong and Sunlynn's interests to avoid its own liability. *See, e.g., Quintana v. State Farm Mut. Auto. Ins. Co.*, Case No. 14-cv-105 WJ/GBW, 2014 WL 12638855 at * 2 (D.N.M. Apr. 14, 2014) (finding that the insurance company's agent's interests would be adequately protected because the insurance company had an interest in protecting the agent). Nor is there evidence that an existing party would be subjected to multiple or inconsistent obligations if Bossong and Sunlynn were not joined.

The Court concludes that Sunlynn and Bossong are not required parties under Rule 19(a) and therefore cannot be indispensable parties under Rule 19(b). *See Salt Lake Tribune Pub. Co., LLC v. AT&T Corp.*, 320 F.3d 1081, 1098 (10th Cir. 2003). The Court must next determine whether, in its discretion, it will allow permissive joinder of the parties under Rule 20.

**B. Discretionary Factors for Joining Non-Diverse Defendants**

In determining whether discretionary joinder is appropriate under Rule 20, the Court considers a number of factors including whether the amendment will result in undue prejudice to a party, whether the request was dilatory or unduly delayed, and whether the request was in good faith. *See State Distrib., Inc. v. Glenmore Distill. Co.,* 738 F.2d 405, 416 (10th Cir. 1984). "[A]mendment solely to destroy a federal court's diversity jurisdiction is not a legitimate purpose meriting remand." *Casias v. Distrib. Mgmt. Corp., Inc.,* Case No. 11-cv-874 MV/RHS, 2012 WL 4511364, at *4 (D.N.M. Sept. 26, 2012).

As a preliminary matter, none of the existing named Defendants have argued that they will be prejudiced by the amendment naming Sunlynn and Bossong. Defendant Altisource, which initially sought removal to federal court, and Defendant PPS, which consented to that removal, do not oppose Plaintiffs' request to amend their Complaint. *See* Resp. at 1 (Doc. 41). Defendant Wells Fargo did not respond to Plaintiffs' Motion. Moreover, Sunlynn Preservation and Bossong have already been added to this litigation as third-party defendants through PPS' Third-Party Complaint. Second, the Court finds that Plaintiffs did not unduly delay their request to amend the Complaint. Plaintiffs claim that despite earlier efforts, they only first became aware of the identity of some of the "John Doe" Defendants when PPS filed its Third-Party Complaint on May 17, 2018. Plaintiffs filed their Motion seeking leave to amend the Complaint approximately three weeks later on June 12, 2018. *See Romero v. Hartford Cas. Ins. Co.*, 16-cv-1335 RB/LF, 2017 WL 8220447 at *6 (D.N.M. Aug. 3, 2018) (finding that the plaintiff's efforts to learn the John Doe defendant's identity and the relatively short period between when the plaintiff learned of the John Doe's identity and filing of his motion to amend weighed in the plaintiff's favor). Finally, the Court finds that the request was filed in good faith rather than as an effort to join sham defendants for purposes of destroying diversity jurisdiction. Plaintiffs have maintained since the filing of their initial complaint in March 2018 that the John Doe Defendants were New Mexico residents, employees, agents, or other persons acting on behalf of one or more of the named Defendants, whose identity they were trying to ascertain. *See* Complaint, Exhibit A to Notice of Removal (Doc. 1-2). After commencement of this action, the identity and citizenship of at least two of the John Doe defendants were established through PPS' Third-Party Complaint. Plaintiffs claim they were unable to determine the identities of the John Doe

defendants until the filing of the third party complaint.[7] Taken as true, these assertions support a finding that Plaintiffs' request to amend is in good faith.

Having analyzed the applicable factors under 28 U.S.C. § 1447(e), and noting non-opposition from the responsive Defendants, the Court will exercise its discretion to grant Plaintiffs' motion to amend their Complaint.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to File First Amended Complaint (Doc. 33) is GRANTED and Plaintiffs will be allowed to file the amended complaint.

/s/ James A. Parker
Senior United States District Court Judge

---

[7] Plaintiffs specifically allege that "[t]he identity of the John Doe Defendants was concealed from Plaintiffs by [the named Defendants] until PPS filed a Third-Party Complaint against Sunlynn Preservation, LLC ("Sunlynn") and Dwight Bossong on May 17, 2018." *See* Mot. at ¶ 2 (Doc. 33). Defendants Altisource and PPS expressly reject the allegations that "they 'concealed' the identities of the entity that was contracted to perform the property preservation work." *See* Resp. at 1 (Doc. 41). Defendants Altisource and PPS claim that counsel for PPS advised Plaintiffs' attorney of the entity.